UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | **5:23-cv-02046 HDV (SHKx)** | Date | November 29, 2023 |
| Title | ***Dennis Cooper v. Gaby's Latin Flavors, Inc., et al.*** | | |

Present: The Honorable    Hernán D. Vera, United States District Judge

| Charles Rojas | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (IN CHAMBERS) ORDER DECLINING SUPPLEMENTAL JURISDICTION OVER STATE LAW CLAIMS**

Plaintiff's Complaint asserts a claim for injunctive relief arising out of an alleged violation of the Americans with Disabilities Act ("ADA") and one or more "construction-related accessibility claims" under California law, including a claim for damages pursuant to California's Unruh Act. In light of California's statutory efforts to curtail abuses relating to such claims, the Court ordered Plaintiff to show cause why the Court should exercise supplemental jurisdiction over the Unruh Act and any other state law claims asserted in the Complaint. [Dkt. No. 10]. Having considered Plaintiff's response, [Dkt. No. 11], the Court finds that exercise of supplemental jurisdiction is not warranted. For the reasons discussed below, Plaintiff's Unruh Act claim and other state law claims are dismissed without prejudice.

**I.     Legal Standard**

In an action over which a district court possesses original jurisdiction, that court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Even if supplemental jurisdiction exists, district courts have discretion to decline to exercise supplemental jurisdiction if:

(1)     the claim raises a novel or complex issue of State law,

(2)     the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3)     the district court has dismissed all claims over which it has original jurisdiction, or

(4)     in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).  The Supreme Court has described 28 U.S.C. § 1367(c) as a "codification" of the principles of "'economy, convenience, fairness, and comity'" that underlie the Supreme Court's earlier jurisprudence concerning pendent jurisdiction.  *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172-73 (1997) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988)); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) ("It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right.  Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them.  Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.").

District courts may decline to exercise jurisdiction over supplemental state law claims "[d]epending on a host of factors" including "the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims."  *City of Chicago*, 522 U.S. at 173.  The supplemental jurisdiction statute "reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'"  *Id.* (quoting *Cohill*, 484 U.S. at 350).

The Ninth Circuit does not require an "explanation for a district court's reasons [for declining supplemental jurisdiction] when the district court acts under" 28 U.S.C. §§ 1367(c)(1)-(3), *San Pedro Hotel Co. v. City of Los Angeles*, 159 F.3d 470, 478 (9th Cir. 1998), but does require a district court to "articulate why the circumstances of the case are exceptional in addition to inquiring whether the balance of the *Gibbs* values provide compelling reasons for declining jurisdiction in such circumstances." *Executive Software N. Am. Inc. v. U.S. Dist. Court for the Cent. Dist. of Cal.*, 24 F.3d 1545, 1558 (9th Cir. 1994).  This inquiry "is not particularly burdensome."  *Id.*  When declining to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(4), "the court must identify the predicate that triggers the applicability of the category (the exceptional circumstances), and then determine whether, in its judgment, the underlying *Gibbs* values are best served by declining jurisdiction in the particular case (the compelling reasons)."  *Id.*

## II.   Discussion

By enacting restrictions on the filing of construction-related accessibility claims, California has expressed a desire to limit the financial burdens California's businesses may face for claims for damages under the Unruh Act and other state law theories.  *See generally* Cal. Civ. Proc. Code §§ 425.50, 425.55; Cal. Gov't Code § 70616.5.  Plaintiffs who file these actions in

federal court evade these limits and pursue state law damages in a manner inconsistent with the state law's requirements.

As many courts have correctly noted, such tactics place tremendous strain on the federal courts. The number of construction-related accessibility claims filed in the Central District has skyrocketed numerically and as a percentage of total civil filings since California began its efforts to curtail the filing of such actions. According to statistics compiled by the Clerk's Office, in 2013, the first year in which California's initial limitations on such cases were in effect, there were 419 ADA cases filed in the Central District, which constituted 3% of the civil actions filed. Filings of such cases increased from 928 (7% of civil cases) in 2014, the year before the imposition of the additional $1,000 filing fee and additional pleading requirements for high-frequency litigants, to 1,386 (10% of civil cases) in 2016, the first full year of those requirements. The number and percentage of such cases filed in the Central District has increased in each year since California acted to limit the filings by high-frequency litigants, reaching 1,670 (12% of civil cases) in 2017, 1,670 (18% of civil cases) in 2018, 3,595 cases (24% of civil cases) in 2019, 4,569 cases (28% of civil cases) in 2020, and 3,000 cases (22% of civil cases) in 2021. The coincidence of astronomical growth in the filing of these cases in federal court with California's limitations on construction-related accessibility claims suggests that it is precisely because the federal courts have not adopted California's limitations on such claims that federal courts have become the preferred forum for them, and that coincidence also belies alternative rationales for filing Unruh Act claims in federal court. *See Garibay v. Rodriguez*, No. 2:18-CV-09187-PA-AFM, 2019 WL 5204294, at *4 (C.D. Cal. August 27, 2019).

Here, Plaintiff has admitted that he is a "high frequency litigant" as that term is defined under California law. [Dkt. No. 11 at 7]. And despite the opportunity to do so, Plaintiff has not advanced any individualized fact or rationale for why this Court should exercise supplemental jurisdiction in the context of his specific claims in this action.

Applying the *Gibbs* factors, this Court finds that it is inconsistent with the principle of fairness to permit Plaintiff to pursue his construction-related accessibility claims in this Court while evading the limitations California has imposed on such claims. To the contrary, turning a blind eye to an end-run around California's very clear statutory requirements is an affront to the comity between federal and state courts. *See, e.g.*, *Garibay*, 2019 WL 5204294, at *5. And continuing to exercise supplemental jurisdiction in these extraordinary circumstances would ill-serve the goal of judicial economy by forcing this Court to expend resources to resolve state law claims for relatively modest statutory damages even after the federal claim is rendered moot.

Moreover, exercising the Court's discretion to decline supplemental jurisdiction does not deprive Plaintiff of any remedies. Plaintiff is free to litigate his ADA claim for injunctive relief. By declining to exercise supplemental jurisdiction, the Court is merely honoring the express terms of the ADA, which provides a federal private right of action for injunctive relief and an award of attorneys' fees. That is what Congress provided in the form of relief. To the extent Plaintiff seeks greater remedies allowed under California law, that forum is open to his.

In summary, the Court concludes that California's enactment of laws restricting construction-related accessibility claims, combined with the burden the ever-increasing number of such cases poses to the federal courts, presents "exceptional circumstances" and "compelling reasons" that justify the Court's discretion to decline to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim and other state law claims under 28 U.S.C. § 1367(c)(4).  The Court sees no prejudice in requiring Plaintiff's Unruh Act claim and other state law claims to be heard in California state court.  *See Garibay*, 2019 WL 5204294, at *6 ("[D]eclin[ing] supplemental jurisdiction does not deprive plaintiff of any remedies.  Nor does it allow an ADA claim for injunctive relief to go unaddressed.").  As stated in *Garibay*, "if Plaintiff legitimately seeks to litigate this action in a single forum, Plaintiff may dismiss this action and refile it in state court in accordance with the requirements California has imposed on such actions."  *Id*.

## III.    Conclusion

For all of the foregoing reasons, the Court, in its discretion, declines to exercise supplemental jurisdiction over Plaintiff's Unruh Act and related state law claims.  The Court therefore dismisses these claims without prejudice.  *See* 28 U.S.C. § 1367(c)(4).

**IT IS SO ORDERED.**